IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AARON KLEIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-544-F |
| | ) | |
| JANET DOWLING, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases,[1] the undersigned has examined the petition and recommends that it be dismissed on filing.

**I.     Background.**

In 2008, the Cleveland County District Court revoked Petitioner's suspended sentence in Case No. CF-95-1399. Doc. 1, at 1, 6. In 2009, Petitioner filed a federal writ of habeas corpus in this Court challenging that revocation on grounds involving: (1) illegal revocation of an expired sentence, (2) prosecutorial

---

[1] The Court may apply § 2254 rules to a § 2241 petition. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005).

misconduct (based on the failure to "writ" Petitioner and lying to the state court on the issue), and (3) ineffective assistance of counsel. *Klein v. Jones*, No. CIV-09-312-F, Doc. 1, at 4-7 (W.D. Okla.); *see* Fed. R. Evid. 201; *see also United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"). The assigned magistrate judge recommended denial of the claims on the merits and after a de novo review, the Court adopted the recommendation and denied the habeas petition. *Id.* CIV-09-312-F, Doc. 29, at 1-11 (recommendation); Doc. 34, at 1-3 (order adopting recommendation and denying petition). Petitioner appealed, and the Tenth Circuit denied the request for a certificate of appealability and dismissed the appeal. *Id.* CIV-09-312-F, Doc. 41, at 1-4.

In the present habeas petition, Petitioner again challenges the 2008 revocation on identical grounds involving: (1) illegal revocation of an expired sentence, and (2) prosecutorial misconduct (based on the failure to "writ" Petitioner and lying to the state court on the issue). Doc. 1, at 6.

## II. Analysis.

A prisoner seeking relief under 28 U.S.C. § 2241 does not need pre-authorization to bring a successive habeas petition. *See Stanko v. Davis*, 617

F.3d 1262, 1268-69 (10th Cir. 2010). However, under Supreme Court precedent and as codified in 28 U.S.C. § 2244(a), a federal court is authorized to "decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, unless the court determine[s] that hearing the claim would serve the ends of justice." *Id.* at 1269 & n.7 (citing *Sanders v. United States*, 373 U.S. 1, 9 (1963)); *see also Maxwell v. Janecka*, 191 F. App'x 717, 718 (10th Cir. 2006) (noting that a § 2241 petition "'which presents no new grounds for relief is subject to dismissal as a successive petition unless the ends of justice require consideration of the merits'" (citation omitted)).

As noted above, Petitioner has already challenged his 2008 revocation in this Court and on the same grounds that he raises in the present petition. In that case, the magistrate judge, district judge, and circuit court all gave extensive review to Petitioner's claims and rejected them on the merits. Petitioner offers no argument that would suggest that the ends of justice would require the Court to again review the merits of those claims and the undersigned can conceive of no such argument. Accordingly, the undersigned recommends dismissal of the present habeas petition.

### III. Recommendation and notice of right to object.

Based on the foregoing, the undersigned Magistrate Judge recommends dismissal of Petitioner's § 2241 petition as successive.

3

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 27, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Finally, this recommendation serves as Petitioner's notice of opportunity to respond on the successiveness issue. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (unpublished op.) (noting no concerns with magistrate judge raising an issue sua sponte where petitioner could address the matter in an objection to the report and recommendation).

The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf of the Respondent at the following address: fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 7th day of June, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE